**Margaret Kane, Defendant in Error, v. Richard Kane, Plaintiff in Error.**

**Gen. No. 15,567.**

1. DECREES—*when in divorce sufficiently supported.* A finding that the defendant "had been guilty of extreme and repeated cruelty toward the complainant since the marriage, as charged in the complainant's bill of complaint," together with a general finding that the equities were with the complainant, is sufficient to support a decree of divorce.

2. DIVORCE—*power to settle property interests.* If by answer the ownership of real estate is brought into question the fact that the bill did not pray relief with respect thereto, does not preclude the court from settling such question by decree in favor of the complainant.

Divorce. Error to the Circuit Court of Cook county; the Hon.

Charles M. Walker, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed May 4, 1911.

D. Ryan Twomey, for plaintiff in error.

No appearance for defendant in error.

Mr. Justice Brown delivered the opinion of the court.

Margaret Kane, the defendant in error herein, was granted a decree of divorce from Richard Kane by the Circuit Court of Cook county. The cause was contested and no certificate of evidence was filed therein. The decree, after finding the marriage of the parties and the jurisdictional facts, found that the defendant had "been guilty of extreme and repeated cruelty towards the complainant since the marriage, as charged in the complainant's bill of complaint."

The plaintiff in error asks the reversal of the decree on the ground that this finding (which, together with the general recital afterward found in the decree, that the equities are with the complainant, constitutes the only finding of fact in relation to the offenses charged in the bill) is not sufficient to support the decree.

This court held in Milashwskis v. Milashwskis, 140 Ill. App. 501, and the Branch Appellate Court held in Trenchard v. Trenchard, 151 Ill. App. 215, that the finding in question was sufficient. We have not changed our opinion.

The decree gave the complainant the custody of her minor children, provided for the payment by the defendant to the complainant of a solicitor's fee of twenty-five dollars, and finding and adjudging certain real estate standing in the complainant's name to be her sole property, decreed that the defendant be deprived of all contingent dower right in it.

The plaintiff in error complains of the finding and provision concerning the real estate, on the ground that it is based on no allegation in the bill.

The bill asked alimony and the answer of the defendant apparently responding thereto introduced an allegation concerning the real estate, in which he claimed that it had been purchased with his money and stood in his wife's name by her fraud.

The court in its decree, although finding all the equities with the complainant, made no order concerning alimony.   It was, however, entirely proper for it to dispose of the matter of the real estate alleged by the defendant in his answer.   Had it found the equities in regard to it with him, it might, under section 17 of the Divorce Act, have decreed the conveyance of the property to him.   Finding them with the complainant, it reasonably recited that finding, and in adjudging the contingent or dower interest of the defendant forfeited merely declared the effect of section 14 of the Dower Act.

The decree of the Circuit Court is affirmed.

*Affirmed.*