## Oscar Whetstone, Appellant, v. Ida Whetstone, Appellee.

1. Appeals and errors—*when entire record may be examined.* When an appeal is taken from a decree the appellate court has the right to look into the whole of the record and consider the case upon its merits in determining whether or not the decree should be sustained.

2. Divorce—*propriety of decree adjusting property rights.* Notwithstanding a wife may have been guilty of the act of adultery and notwithstanding a decree properly entered in favor of her husband, it is proper that the court should, in adjusting the property rights of the parties, not deprive such wife of her entire interest in accumulations resulting from the joint labors of herself and her husband.

3. Costs—*when discretion as to taxation not abused.* In an action for divorce it is not an abuse of discretion for the court to tax the costs against the husband to whom a decree of divorce is granted where it appears that the wife was practically without means out of which to pay costs.

Divorce. Appeal from the Circuit Court of Franklin county; the Hon. William H. Green, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed March 21, 1912.

DILLON & STRICKLAND and THOMAS J. LAYMAN, for appellant.

R. E. HICKMAN and MOONEYHAM & SEEBER, for appellee.

MR. JUSTICE MCBRIDE delivered the opinion of the court.

The appellant filed a bill at the September term, 1911, of the Circuit Court of Franklin county for a divorce, charging his wife, the appellee, with adultery. The appellee filed an answer to this bill admitting the acts of adultery as charged in complainant's bill. The appellee then filed a cross-bill charging appellant with cruelty and alleging that he was possessed of valuable real estate and personal property and that appellant had procured the appellee to execute a deed to forty acres of land by fraud and deception, and that the property now owned by appellant was mostly accumulated by the efforts of appellant and appellee, and that all she had received for her share in all of this property was $600, and asked the court to make an equitable division of the property between herself and the appellant. To this cross-bill appellant filed an answer denying the allegations of appellee's cross-bill, except that he admits himself to be the owner of the real estate and personal property substantially as set forth in the cross-bill, and avers that the appellee by reason of her conduct has forfeited all the rights she may have had in said property.

The evidence was heard by the chancellor in open court and a decree rendered granting appellant a divorce but required the appellant to pay unto appellee as alimony the amount of $400, in quarterly payments of $40 each, and that the appellant pay the costs of the suit; and it is from that part of the decree requiring appellant to pay $400 and costs of the suit that he prosecutes his appeal.

The sole question to be determined upon this appeal is, did the court err in granting alimony to the appellee and in requiring the appellant to pay costs?

Counsel for appellant do not deny but what the court had the right under our statute to grant alimony to the wife although the divorce be granted for her fault, and while they admit that this is within the discretion of the court, they insist it is a judicial discretion and that the facts of this case do not warrant the court in granting the relief decreed. Much stress is laid upon the fact that by the decree the allegations of appellant's original bill are sustained, and that the proof does not sustain the allegations of the cross-bill.

As we view the law, when the appeal is taken from the decree we have a right to look into the whole of the record and consider the case upon its merits in determining whether or not the decree should be sustained. Carter v. Moses, 40 Ill. 55; Pelouze v. Slaughter, 241 Ill. 215.

It is disclosed by this record that the appellant is now possessed of real estate and personal property of the value of about $7000; that at the time they were married or shortly thereafter, he inherited about $700 and she about $160, which was invested in real estate. The appellant seems to have made judicious investments, and the appellee by her labors aided very materially in the accumulation of this property, in addition to the investment that she had therein. During a portion of this time she claims to have done considerable work upon the farm by the way of harrowing, plowing, cutting sprouts, mowing hay and all of the time was engaged in the making of butter and the raising of chickens, collecting the eggs and taking them all to the market, and, as she claims, practically supported herself and husband during the time they lived together, and purchased a portion of his clothing and purchased some farming implements, wire fencing, and other things used on the farm and house, from

the proceeds realized from the sale of butter, chickens and eggs, and this is not denied by the husband. It looks to us as if she made very many sacrifices to aid in the accumulation of this property. The husband caused a forty acres purchased by them to be deeded to himself and wife jointly. It is true, as claimed by appellant, that this record discloses that appellee committed a great error, sufficient to authorize the court to grant a divorce to appellant and deprive her of any rights or interest in his future earnings, but we are not able to say that because of the error committed by her, although a grievous one, that she should be required to forfeit all interest and right in and to the property accumulated by their joint earnings.

Prior to the bringing of the suit appellant and his wife consulted with appellant's attorney about their property rights, and the appellant purchased from his wife for $650 her interest in the forty acres of land owned by them jointly, and it appears from the evidence that this land was worth $1800 and her interest therein $900. It is true that the amount paid by appellant to appellee in this transaction was $650 but she transferred to him store orders to the amount of $58, for which he agreed to allow her $50; and in this transaction she was deprived of at least two or three hundred dollars worth of property that really belonged to her, and we are satisfied that she understood at the time that she was to retain her interest in the balance of the land. Appellant testified, in a conversation had between them and his counsel at the time of the sale of the land, "She wanted to know if she had a dower in that if she was to sell it. You told her you (the attorney) told her no, her dower would be in the others and none in that." And she says, "You said it would be best and I could have my part in that place and the other. You told me that right up there in your office at the time we made the deed." It is true that appellee probably did at that time still retain her interest in

the other land but appellant certainly knew then that he expected to bring a suit for divorce and attempt to forfeit her right in the other property, and we are not fully satisfied that appellee then realized that the $600 was all she would get out of appellant's property. At all events she. released her interest in the forty acres of land at less than it was really worth.   She made many sacrifices and contributed very materially towards the accumulation of this property and we do not believe that it would be equitable or just to deprive her of everything and turn practically all of their joint earnings over to the husband.   The chancellor heard this evidence in open court and we are satisfied that he committed no error in allowing the appellee $400.   The appellee had practically no means. with which to pay costs and the taxing of the costs was a matter in the discretion of the chancellor and we cannot say that the discretion was abused in this case. Finding no reversible error in this record the decree of the Circuit Court is affirmed.

*Affirmed.*