## Palionija Mitchell, Appellee, v. Charles Mitchell and Stanley Mitchell, Appellants.

### Gen. No. 30,557.

1. DIVORCE—*sufficiency of evidence to support decree for defendant on cross bill charging adultery of complainant.* Evidence on a bill for divorce upon the ground of cruelty held to sustain the allegations of defendant husband's cross bill charging complainant with adultery.

2. DIVORCE—*propriety of remand for additional proceedings to determine property rights where evidence requires dismissal of decree for complainant and granting of divorce upon allegations of cross bill.* Where the proof adduced in a suit for divorce upon the ground of cruelty, while requiring reversal of a decree for complainant and warranting a decree for defendant husband upon his cross bill alleging complainant's adultery, showed that defendant husband and his brother had conspired to defraud complainant of her equitable rights in the proceeds of an investment, made in the name of the brother, of funds to which complainant had substantially contributed out of her own property, the cause will be remanded to permit complainant to assert, by answer to the cross bill, her right to share in such proceeds, and to present necessary additional proofs in support thereof, before entry of decree upon the cross bill.

Appeal by defendants from the Superior Court of Cook county; the Hon. WORTH E. CAYLOR, Judge, presiding. Heard in the second division of this court for the first district at the October term, 1925. Reversed and remanded. Opinion filed May 25, 1926.

HAROLD O. MULKS, for appellants.

WILLIAM S. McNAMARA, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

This is a joint appeal by the codefendants, Charles and Stanley Mitchell, from a decree of divorce granted to appellee from her husband Charles, on the ground of repeated cruelty, and directing him to pay her alimony and a certain sum for the support of a minor

child, and decreeing that both defendants pay the complainant the sum of $3,000 as her interest and share in proceeds from certain real estate, together with interest, aggregating $3,587, and that the cross bill of Charles Mitchell be dismissed for want of equity.

On March 26, 1923, pursuant to leave given, complainant filed what is called an "amended and supplemental bill," which was answered by both defendants, severally. By order of May 9, 1923, the cross bill "to the original bill of complaint" was allowed to "stand as a cross bill to the original bill of complaint," and complainant was ruled to answer within 15 days. No additional answer was filed, and the parties evidently treated the order as one allowing the cross bill and answer thereto to stand the same as if the issues were formed after the filing of said amended bill.

The so-called amended and supplemental bill raised no issue that could not have been made by amendment, and is, in fact, merely an amended bill.

Appellant Stanley Mitchell was brought into the case upon the claim that he took title in his own name to a garage received in exchange for real estate belonging to the husband and wife upon an understanding that the three were to be equal partners in the property and the business which he was to conduct therein. The theory of the proceeding was that in a divorce suit the rights of the wife in the real estate of her husband may be determined, and if the rights of third parties are involved in such determination they may be brought before the court and their interest settled. *Van Vleet v. De Witt,* 200 Ill. 153, 155. In the case cited the wife brought a divorce suit making as a party defendant one who held the legal title to premises owned by the husband only for the purpose of defrauding her of her rights in the real estate. In the case at bar it is not alleged nor does it appear that the third party holds title to any property what-

ever belonging to the husband. The bill merely seeks an accounting and to trace the proceeds from a piece of real estate conveyed by complainant and her husband for a garage, the title to which was taken in the name of defendant Stanley Mitchell for the benefit, of complainant and the codefendant, and which has since been sold.

Section 17 of the Divorce Act [Cahill's St. ch. 40, ¶ 18] provides that whenever a divorce is granted, if it shall appear that either party holds the title to property equitably belonging to the other, the court may compel conveyance thereof to be made to the party entitled to the same. But it will be unnecessary for us to consider whether under that section the court could on the facts of this case require an accounting from Stanley Mitchell, for we find it necessary to reverse the decree on other grounds, it clearly appearing by a manifest preponderance of evidence that the cross bill charging complainant with adultery was sustained. For that reason the court erred in dismissing the cross bill and granting relief upon the bill. *Zimmerman v. Zimmerman,* 242 Ill. 552.

While it appears that the husband was guilty of cruelty to his wife, and that they were separated, it also is shown by the testimony of five witnesses, as against her solitary denial, that she was 'guilty of adultery with one John Mochkus about a year after their separation.

The testimony is to the effect that the landlord, one Erban, in whose house she and said Mochkus were living, apprised her husband on September 6, 1922; that complainant and said Mochkus were in his house sleeping together, and that the husband, accompanied by two policemen and his brother Stanley, went to Erban's house about 1:30 o'clock or later the following morning and found them in the same bedroom, dressed only in their underclothing, when they were arrested and taken to the police station. We cannot concur

in the court's reasoning for rejecting the force of the testimony given by the two policemen, Erban, and the husband because of minor differences in the testimony when they all agree as to the major and controlling facts. While she claimed the hour was 10 o'clock, and that she was properly dressed on that occasion, yet the testimony of all the other witnesses is that the time was between 1:30 and 3 o'clock in the morning, and that she was scantily clothed and both were in bed. Her explanation of the man's presence, that she might tell him about her troubles, is not even plausible.

While upon the proof adduced cross complainant is entitled to a decree of divorce on the ground of adultery, we think in view of the disclosure in the record under allegations in her bill that she turned over to her husband her accumulations of several years for investment in real estate in their joint names, and that it was so invested and the property had been disposed of, and that her husband and his brother Stanley Mitchell have conspired to defraud her of her equitable rights in the proceeds from such investments, she should still be given an opportunity to assert her rights to the proceeds from such investments. Such relief was granted in *Whetstone v. Whetstone,* 169 Ill. App. 171, where a bill of divorce was filed by the husband on the ground of adultery and the wife was permitted to file a cross bill setting up claims to real estate and personal property acquired as a result of her labors and held in the name or in the possession of the husband. It was there said that in such a case it would not be equitable or just to deprive her of everything and turn practically all of their joint earnings over to the husband.

While we believe the court may under said section 17 of the Divorce Act [Cahill's St. ch. 40, ¶ 18] grant her relief as to her property rights notwithstanding the husband's right to divorce, we do not think the

defendant Stanley Mitchell can be made a party to such proceeding unless he holds real estate in his name or other property of the husband, to which she has an equitable title. It does not appear in this record that Stanley Mitchell had title to any real estate or other property belonging to the husband or in which he had an interest. If she merely sought an accounting from Stanley Mitchell as a partner or for proceeds from real estate, the title to which was no longer in his name, we think her remedy against him would be by a separate bill in equity.

But the evidence on the subject is very unsatisfactory. While on dismissal of the bill no issues will remain on which a decree can be entered respecting her property rights, we think the opportunity should be given to amend her answer to the cross bill, and if necessary present additional proof upon her joint investments with her husband, before entering a decree of divorce for the husband.

The decree, therefore, will be reversed and the cause remanded with directions for further proceedings in conformity with this opinion.

*Reversed and remanded.*

GRIDLEY and FITCH, JJ., concur.