Ross Swofford, Appellee, v. Eliza Swofford, et al., Appellants.

Term No. 45M2.

56

Heard in this court at the October term, 1945. Opinion filed October 26, 1945. Released for publication November 27; 1945.

D. L. DUTY, of Marion, for appellant.

R. W. HARRIS, of Marion, for appellee.

MR. JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from a decree of the circuit court of Williamson county, Illinois, ordering and decreeing that the sum of $668 deposited in the name of the appellant, Eliza Swofford (hereinafter called defendant), and the Peoples National Bank of McLeansboro be impressed with a trust in favor of the appellee, Ross Swofford (hereinafter called plaintiff), as the beneficiary of the trust, and that the defendant (and the bank), account to the plaintiff for the sum of $668, and that the bank be released after the payment of such money to the plaintiff.

The pleadings and the evidence disclose that plaintiff and defendant were husband and wife and lived together near the city of Marion, Illinois. Plaintiff and defendant had opened a joint bank account in the Bank of Marion, which had the usual provisions as to withdrawal by either of them. All of the money deposited in the account was money which was earned by the plaintiff. The testimony indicates that there was an understanding that the plaintiff's wife, the defendant, was not to withdraw any money other than small amounts at a time for family use. On April 22, 1942, the defendant left the plaintiff and at the same time withdrew the sum of $668.92 from the joint account and deposited such sum in the Peoples National Bank at McLeansboro in her own name. The complaint of the plaintiff had the usual allegations of fiduciary re-

lationship and charges that the defendant fraudulently took the money and alleged that a trust was impressed in favor of plaintiff by reason of the fiduciary relationship. The cause was tried before the court, without a jury, and a decree was entered in the court below impressing a trust in favor of plaintiff, as the beneficiary, and decreeing that the sum of $668 on deposit be paid to plaintiff by the bank in which defendant had deposited the said sum of money in her own name.

The defendant contends that the establishment of a joint deposit account in the Bank of Marion during the period when plaintiff and defendant were living together, gave her the absolute right to withdraw the money and that under the facts, plaintiff was not entitled to the relief given by the court below, and that no fiduciary relationship resulted therefrom. Defendant additionally contends that the specific relief of impressing the fund with a trust was not prayed for in terms in the complaint, and that inasmuch as the complaint contained no general prayer for relief, the court was without power to grant any such relief not specifically prayed for.

■■ The evidence clearly and unequivocally demonstrated that the funds on deposit in the joint account resulted from moneys earned by the plaintiff. The evidence also disclosed that as between plaintiff and defendant, the defendant was only to withdraw such portion of the funds as would be necessary for family expenses. While it is true that the creation of a joint account would protect an innocent third party as against any private understanding, the court below correctly concluded that the defendant could not set up the creation of a joint account as a basis for defeating the constructive trust created in the principal case. Constructive trusts are created by equity for the purpose of working out right and justice, though there was no intention of the party to create such relation,

and often directly contrary to the intention of the one holding the legal title (*Doner v. Phoenix Joint Stock Land Bank of Kansas City*, 381 Ill. 106), and money which is held in a fiduciary capacity by one who places it in a bank, can be recovered from the bank even though mixed with the depositor's own money. If the money is held by the depositor in a fiduciary capacity the character of the money is not changed by being placed to the credit of the depositor and mingled with his own money in his bank account (*Woodhouse v. Crandall*, 197 Ill. 104, 112–113; *Live Stock Exchange Inc. v. Roseville State Bank*, 249 Ill. App. 44, 49).

██ It has also been clearly established that the fact that a husband and wife had a joint bank account against which either might draw, is no warrant for either to withdraw all the funds and apply them to his or her exclusive use. In one case it was determined that where a wife had done so just before filing her bill for divorce, the court in the divorce action, may properly order her to make restitution of the money drawn out (*Gercke v. Gercke*, 331 Ill. 413, 419).

██ Under the facts in the instant case, the court was clearly justified in impressing a trust in favor of plaintiff upon the money deposited by defendant in her name, and decreeing that such sum be paid to plaintiff. The fact that the complaint may not have contained specific prayers for relief in requesting that a trust be impressed, does not deprive the court of equity of the right to enter a decree of such character. In *Kaifer v. Kaifer*, 286 Ill. App. 433, the court specifically stated that, under sec. 34 of the Civil Practice Act (ch. 110, 1943 Ill. Rev. Stat., par. 158 [Jones Ill. Stats. Ann. 104.034]), even though every complaint is required to contain specific prayers for relief, the prayer for relief is not deemed to limit the relief obtainable, but where other relief is sought the court shall, by proper orders and upon such terms as may

be just, protect the adverse party against prejudice by reason of surprise. It is pointed out in that case that the former practice in equity of granting relief not specifically prayed for, where the allegations of the complaint and the proof supported such relief, is preserved by the section of the Civil Practice Act referred to, whether or not the complaint contains a general prayer for relief.

The decree of the circuit court of Williamson county was proper and is, accordingly, affirmed.

*Affirmed.*