Rose Olmsted, Appellee, v. Francis Albert Olmsted,
Appellant.

Gen. No. 43,844.

Opinion filed November 13, 1947. Released for publication December 13, 1947.

JOSEPH P. BURKE and WILLIAM O'MALLEY, both of Chicago, for appellant.

ROSENBERG & ABRAMS, of Chicago, for appellee; HARRY G. FINS, of Chicago, of counsel.

MR. PRESIDING JUSTICE FRIEND delivered the opinion of the court.

The plaintiff, Rose Olmsted, filed a complaint against her husband Francis Albert Olmsted, charging adultery and asking for separate maintenance. Defendant filed an answer denying the allegations of the complaint, and also a cross complaint for divorce charging cruelty, the allegations of which were denied by plaintiff in her answer to the cross complaint. Pursuant to a hearing, the court on April 30, 1946, dismissed the cross complaint for want of equity, and after finding that the allegations of the complaint for separate maintenance were substantially true, entered a decree in favor of the wife, finding that she was living separate and apart from defendant without her fault, directing that he pay her the sum of $20 weekly as and for her separate maintenance until the further order of court, awarding her $200 as and for solicitor's fees, and decreeing that plaintiff "be awarded the sum of Two Thousand Dollars ($2,000.00) from the monies on deposit in a certain vault in the First National Bank of Chicago, under the name of Francis Albert Olmsted, the Defendant herein." Subsequently on

May 10, 1946, defendant's motion that the court vacate the decree was denied, and this appeal followed.

As the first ground for reversal it is urged that in a separate maintenance suit in this State the trial court was without jurisdiction to adjudicate the property rights of the parties. Some doubt was cast on this rule in *Glennon v. Glennon,* 299 Ill. App. 13, and in *Grossman v. Grossman,* 304 Ill. App. 507, which was based on the authority of the *Glennon* case. However, in the recent case of *Petta v. Petta,* 321 Ill. App. 512, we pointed out that the *Glennon* case was decided on dicta found in *Decker v. Decker,* 279 Ill. 300, and held that in a suit for separate maintenance the court is without power to adjudicate the property rights of the parties. In the *Decker* case the plaintiff in her bill for separate maintenance asked for a settlement of the property rights of the parties and for an accounting between them. The defendant in his answer not only did not question the right or power of the court to decree a settlement but he apparently was satisfied to have his rights determined in that proceeding, and during the trial both parties offered evidence in support of their respective claims. Defendant did not appeal from the decree. We therefore adhere to the conclusions reached in *Petta v. Petta* as representing the current weight of authority in this State.

It is urged however, as an afterthought, as we believe, that the complaint alleges two causes of action: (1) for separate maintenance, and (2) for relief to protect plaintiff's own monies which she claims to have placed in trust with her husband and which her husband was about to appropriate to his own use. The only allegation in the complaint upon which plaintiff seeks to predicate this contention is contained in paragraph 4 as follows: "Further Plaintiff states that the said Defendant Francis Albert Olmsted and this Plaintiff have certain moneys on deposit with the First Federal Savings & Loan Association of Chicago; that

this Defendant has threatened to remove same and thereby deprive this Plaintiff of her share thereof; that unless restrained by this Honorable Court this Defendant Francis Albert Olmsted will remove said moneys and will cause irreparable damage to this Plaintiff.'' Defendant categorically denied the allegations of paragraph 4 and the decree found that the money deposited in the First Federal Savings & Loan Association of Chicago had been withdrawn before the complaint was filed. It was subsequently placed in a safety deposit box in the First National Bank of Chicago.

The allegations of paragraph 4 are nothing more than a prayer for injunctive relief in aid of the complaint for separate maintenance; they cannot in any sense be construed as a separate suit within the provisions of the Illinois Civil Practice Act (Ill. Rev. Stat. 1945, ch. 110, par. 157 (sec. 33), subpar. (2) [Jones Ill. Stats. Ann. 104.033, subpar. (2)]) and rule 12 of the Supreme Court, which permit the joining of more than one cause of action in a complaint. There is not a single averment in paragraph 4 or any specific prayer in the complaint that could possibly raise an issue as to the ownership of the $4,000 defendant had in the safety deposit box. Recognizing this defect in the complaint, plaintiff seeks to justify the decree because of her general prayer for relief, and cites *Kaifer v. Kaifer*, 286 Ill. App. 433, *Updike v. Smith*, 378 Ill. 600, and *Swofford v. Swofford*, 327 Ill. App. 55, in support of the contention. However, these decisions point out specifically that such relief as is granted must be supported by the allegations of the complaint, and in the *Swofford* case, the most recent of these decisions, the court impressed with a trust certain funds, although such relief was not asked for in terms, because, as the court stated: ''The complaint of the plaintiff had the usual allegations of fiduciary relationship and charges that the defendant fraudu-

lently took the money and alleged that a trust was impressed in favor of plaintiff by reason of the fiduciary relationship.'' The complaint in the case at bar contains no allegations as to the ownership of the property; it does not charge fraud or the creation of a trust. It is clearly apparent that the pleader merely inserted paragraph 4 as the basis for injunctive relief and never intended that it should constitute a separate cause of action. We are therefore constrained to hold that paragraph 6 of the decree which finds that the $4,000 contained in a vault of the First National Bank of Chicago is ''community money,'' and that part of the decretal order which awards plaintiff one half thereof, are not supported by any allegations and are inconsistent with plaintiff's theory that paragraph 4 of her complaint constitutes a cause of action to recover or protect her separate property, under par. 10, ch. 68, Ill. Rev. Stat. 1945 [Jones Ill. Stats. Ann. 64.10], pertaining to remedies in equity afforded husbands and wives for obtaining possession of property belonging to the other spouse. If plaintiff wished to seek relief under this statute she should have presented the issue to the court by appropriate pleadings, upon which a hearing could be had. She evidently had no such intention when her complaint was filed. Under the scant allegations of paragraph 4 she was not entitled to a finding in her favor and to an award of one half of the amount of the monies contained in the safety deposit box of the First National Bank.

The remainder of the decree is unchallenged. Accordingly paragraph 6 of the decree which contains the finding that plaintiff is entitled to $2,000 of the $4,000 registered in defendant's name in the vault, and the order awarding her that sum, are reversed.

*Finding that plaintiff entitled to $2,000 and order awarding her that sum, reversed.*

SCANLAN and SULLIVAN, JJ., concur.