GENE GERHARDT, Plaintiff-Appellee, *v.* VIOLET ELAINE GERHARDT, Defendant-Appellant.

(No. 73-156;

Third District—April 18, 1974.

*Rehearing denied May 15, 1974.*

Vilas C. Rice, of Carthage, for appellant.

Stanley Tucker, of Carthage, for appellee.

Mr. JUSTICE DIXON delivered the opinion of the court:

This is an action for divorce brought by Gene Gerhardt, plaintiff against Violet Elaine Gerhardt, defendant who requested an appropriate division of the assets of the parties. The Circuit Court of Hancock County granted plaintiff a divorce, and custody of a child of the parties; defendant was awarded $5000 as her share of the bank accounts, was found to have no interest in any other property, was directed to deliver her automobile to plaintiff and was ordered to pay $10 per week for support of the child. She appeals contending that the court erred in making division of the marital assets, and in requiring her to contribute to the support of the child. There is no appeal from that part of the decree granting the divorce.

The parties were married April 27, 1957 (she was about 18, he was about 21 years of age) and at that time he had $5000 and she had a cedar chest. Fifteen years later at the time of separation on May 28, 1972, they had accumulated an estate of nearly $100,000. When first married the parties lived with his mother for 7 months, then moved to rented facilities and in December 1959 to a 160-acre farm that plaintiff and his foster brother (a first cousin) purchased at that time for $26,500 on contract and later a mortgage, since paid. In January 1973 this farm was valued at $78,400. Plaintiff used the $5000 he brought to the marriage to furnish the home on the farm. He was awarded all household goods and furnishings in that home.

In 1958 the plaintiff, his brother and mother formed a partnership to operate his mother's land, using her deceased husband's equipment. They later operated the 160-acre farm subsequently purchased. This partnership as of December 31, 1972, had farm equipment, buildings and acquired livestock with a depreciated value of $18,188 and had other additional assets such as livestock, cash and grain as follows: 350 head of feeder pigs worth about $10,500; 10 feeder calves worth about $2,400; 10,000 bushels of corn worth about $12,500; 2000 bushels of beans worth about $9400; 70 stock cows and about 50 brood sows. There were no debts, and on May 28, 1972, the bank account was $5020.36.

Except for one 12-month period his only source of income was from the farming partnership. Throughout the marriage defendant maintained the household and garden (she canned and froze food) and she worked off the farm from 1958 until the parties separated on May 28, 1972. She testified that from 1958 until 1961 she made about $6,000 a year. Her earnings from 1961 through 1971 as shown by W-2 forms were reported on income tax returns as $44,665; his reported income was $29,479 for those years.

At the time the parties separated they had joint savings and bank accounts and joint certificates of deposit totalling $38,437.07. He got to the banks first and had her name stricken from these accounts on June 4, 1972. Also, at the time of separation the parties owned a 1971 Ford LTD for which they had paid $4500 in February 1971, and a 1972 Ford pickup purchased in January 1972 for $2616. The certificates of title were issued to "Gerhardt Gene and/or Gerhardt Violet." Plaintiff also had $3000 in certificates of deposit with his son and a life insurance policy in amount of $2500. Defendant had $3600 from an employment trust fund which she had withdrawn.

Defendant testified that she kept her pay in a drawer, used it to purchase clothing for all, household supplies, groceries, utilities and household furnishings until it accumulated and then would deposit it in a joint

savings account. She testified that monies from the joint savings accounts were used to pay part of the purchase price of the farm and to purchase livestock for the partnership. He denied this but stated *that he had no recollection where the money came from to pay off the farm indebtedness.* His brother testified that the funds for the purchase of the farm were from the distributive shares of the partnership.

With but few exceptions neither party could identify the source of any particular deposit or the use to which any particular withdrawal was put. It is clear though that the car and truck were purchased with funds from the joint savings accounts.

■■ Without doubt, defendant commenced, in April or May of 1972, a course of conduct entitling plaintiff to a divorce but the fact that a divorce is granted for the fault of the wife does not warrant depriving her of her own property. (*Rybakowicz v. Rybakowicz*, 290 Ill. 550.) As was said in *Whetstone v. Whetstone*, 169 Ill.App. 171, 174, "It is true, as claimed by appellant, that this record discloses that appellee committed a great error, sufficient to authorize the court to grant a divorce to appellant and deprive her of any rights or interest in his future earnings, but we are not able to say that because of the error committed by her, although a grievous one, that she should be required to forfeit all interest and right in and to the property accumulated by their joint earnings."

■■ One spouse may have a special equitable interest in property held in the other's name, which interest may arise in many ways, and the court may award a share of the property representing such special interest in it. "Thus, courts have reiterated that where a wife has from equitable considerations other and additional interests in her husband's property than such as attach to her status as a wife, such as where her money comes into the hands of her husband and is invested in real estate to which he holds title; or if realty represents joint earnings, work or savings of husband and wife; or if her earnings or savings have gone into his possession and aided him in acquiring the real estate; the court may then properly decree, when dissolving the marriage relation, that the wife shall be vested with title in fee to such realty as will effect an equitable and fair adjustment of the property rights of the parties." *Cross v. Cross*, 5 Ill.2d 456, 466.

■■ There is no legal formula for determining whether the wife's financial contribution, earnings, frugality, and good management will be deemed sufficient to warrant a conveyance under section 17 of the Divorce Act of all or part of the property held in the name of the husband, and each case must be adjudged on its particular facts. *Cross, supra.*

■■ The record herein discloses clear and convincing evidence that

the property involved, both real and personal, was accumulated through the joint efforts of the parties. Where a wife by her own industry, earnings, labor, economy and frugality has added to the financial betterment of the parties or to the husband's acquisition of an estate, she has an equitable interest which must be recognized by a fair division of property. *Ylonen v. Ylonen,* 2 Ill.2d 111.

██ It has also been clearly established that the fact that a husband and wife had a joint bank account against which either might draw, is no warrant for either to withdraw all the funds and apply them to his or her exclusive use. *Gercke v. Gercke,* 331 Ill. 413, 419; *Swofford v. Swofford,* 327 Ill.App. 55, 58.

██ Plaintiff contends that the "special equities" relied upon were not alleged in the pleadings. As was stated in *Persico v. Persico,* 409 Ill. 608, 610, "While courts in divorce actions are thus empowered to determine the property rights of the parties solely upon the basis of equitable ownership and regardless of fault in the dissolution of the marriage, special circumstances and existing equities sufficient to justify the conveyance are required to be alleged in the complaint and established by the evidence. (*Insoda v. Insoda,* 400 Ill. 596; *Podgornik v. Podgornik,* 392 Ill. 124.) Relief cannot be granted where there are no allegations of equities or special circumstances in the complaint."

 In the instant case the complaint alleged that plaintiff and defendant were joint owners of the auto and the truck, that he owned certain other described property, that she should be barred from any right therein, and that the court make an adjudication of the property rights of the parties. Defendant's answer admitted joint ownership of the auto and truck, denied that she should be barred from any right in the property and further alleged that plaintiff had possession and control of $40,000 in checking and savings accounts which was accumulated through the joint efforts of the parties and asked that the court determine the respective interest of the parties in the assets described in the complaint. An amendment to the answer further alleged that defendant had been gainfully employed throughout the marriage, that her earnings during the marriage were more than those of plaintiff, that all her earnings were devoted to the common purposes of the parties, that part of plaintiff's interest in the assets described in his complaint were acquired with her earnings. (Comparable allegations were deemed sufficient in *Cross v. Cross,* 2 Ill.2d 104, 106.) Plaintiff filed a denial reply to the answer. The pleadings were considered settled, the parties agreed that the question of property rights and distribution of the property involved be submitted to the court for hearing. (*Cf. Chmiel v. Chmiel,* 399 Ill. 91, 95.) The trial court then proceeded to a hearing of the evidence. The interest of the

respective parties was put in issue by the pleadings. (*Rolinitis v. Rolinitis*, 335 Ill. 260, 262.) The matter of pleading special equities under section 17 of the Divorce Act may be done by answer. (*Kane v. Kane*, 161 Ill.App. 385.) Further, no objection was ever raised at the trial level. We find no merit to plaintiff's contention.

Defendant has indicated that she does not wish to disrupt the farming operation and asks for a lump sum in lieu of conveyance or transfer. She has further indicated that she would withdraw the issue of child support if given a portion of the marital estate commensurate with her contributions thereto.

On the basis of the foregoing analysis it is our opinion that the circuit court erred in denying appellant any right (other than $5000) in the marital estate and the judgment is reversed and the cause remanded to enter a judgment in accordance with the determinations of this court.

Reversed and remanded, with directions.

STOUDER and ALLOY, JJ., concur.