LLOYD V. MAGGERT, Plaintiff and Counterdefendant-Appellee, *v.* SHARON I. MAGGERT, Defendant and Counterplaintiff-Appellant.

Fourth District   No. 14866

Opinion filed November 8, 1978.—Rehearing denied December 4, 1978.

TRAPP, J., dissenting.

Ryan & Cini, Ltd., of Mattoon (Willis P. Ryan, of counsel), for appellant.

Stanfield & Garst, of Paris (James Caleb Stanfield, of counsel), for appellee.

Mr. JUSTICE REARDON delivered the opinion of the court:

On December 14, 1976, the plaintiff, Lloyd V. Maggert, filed a complaint for divorce on the ground of extreme and repeated mental cruelty against his wife, Sharon I. Maggert, the defendant. Defendant filed a counterclaim for divorce on the same ground and sought custody of the parties' two minor children, alimony, and child support. In addition, defendant requested the court to make an equitable division of the parties' real and personal property. Defendant also generally alleged in her counterclaim that she has special equities in the real and personal property acquired during the marriage. Following a hearing on June 17, 1977, the trial court took the cause under advisement. Defendant filed an amended counterclaim on September 12, 1977, seeking, *inter alia,* permanent alimony in the form of periodic alimony, alimony in gross, or an apportionment of property. Defendant also requested the court to award her sole ownership of the marital residence and an 80-acre farm, and asked for an accounting of the farm income and for the income from the use of certain farm machinery.

The trial court entered a decree on September 12, 1977, which provided that the parties be divorced. The plaintiff was ordered to pay the defendant one-half of the current value of all household furnishings. Defendant's claim for special equities in property of the plaintiff was denied and neither party was awarded alimony. The decree also provided that the parties' jointly owned savings accounts and shares of stock were to be equally divided. The questions of child support and attorney fees were reserved for further proceedings. Defendant does not contest the validity or sufficiency of the divorce decree itself, but appeals the provisions of the decree concerning alimony and division of property.

Essentially one question is presented for review: Whether the trial

judge abused his discretion in making the division of property between the parties and in failing to award alimony to the defendant.

At the June 17, 1977, hearing, the parties entered into a stipulation of facts regarding their financial circumstances. When they were married in 1959, plaintiff had assets valued at $7,000 and defendant had assets valued at $700. In 1971, the parties purchased in joint tenancy an 80-acre farm for $32,000. The defendant provided the $6,000 down payment for this purchase. The farm is currently valued at $104,000. In 1973, the parties purchased a home in joint tenancy for $36,500. The plaintiff paid $20,000 and the defendant paid $16,500 toward the purchase. This home has a present value of $42,200. At the time of the hearing, the parties had $19,000 in a joint savings account; plaintiff had $282 in a checking account, and defendant had $2,500 in a checking account. The parties jointly own 1,159 unvalued shares in a trust. In 1974, the plaintiff built an unencumbered shed on property belonging to a landlord at a cost of $14,200. In addition, the plaintiff constructed two unencumbered grain bins on land belonging to a landlord for $6,800. As of the date of the hearing, the 1976 unsold crops from the parties' farm amounted to 1,200 bushels of soy beans and 25,000 bushels of corn. Also at the time of the hearing, plaintiff owned livestock valued at $6,500 and farm equipment valued at $130,000. The plaintiff additionally had contracted to purchase a $71,000 farm as of the date of the hearing, upon which he owed a balance of $70,000. Plaintiff currently farms approximately 1,000 acres and has annual operating expenses in excess of $90,000. The defendant's annual teaching salary was $11,100 in 1976. The parties' net farm income totaled $46,969 in 1976.

Defendant essentially contends that the settlement ordered by the court inequitably gives plaintiff approximately $240,000 in assets in contrast to $82,500 in assets for the defendant. In addition, defendant argues that the decree ignores her contributions toward the purchase of the farm and marital residence and fails to award her any interest in the farm machinery and other personal property owned by the parties prior to the decree. Defendant contends that she is entitled to one-half of all assets and an additional amount as alimony.

According to sections 17 and 18 of the Divorce Act (Ill. Rev. Stat. 1975, ch. 40, pars. 18, 19), property divisions and alimony awards must be "equitable." In reviewing such determinations, a reviewing court should not substitute its judgment for that of the trial court but should determine whether the trial judge abused his discretion in some way. *Martin v. Martin* (1977), 49 Ill. App. 3d 1011, 1014, 365 N.E.2d 182.

In *Pettit v. Pettit* (4th Dist. 1978), 60 Ill. App. 3d 375, 376 N.E.2d 782, this court noted that a court is without jurisdiction to order the partition of jointly held realty unless one of the parties to the divorce litigation prays for that relief. In addition, this court noted that special equities in

property held by an adverse party must be specially pleaded and proved. Accordingly, in *Pettit* this court found that the trial court exceeded its jurisdiction in ordering partition of the parties' jointly held property and in finding special equities as the complaint failed to vest the court with jurisdiction to so act.

In the instant case, as in *Pettit*, the amended counterclaim filed by the defendant does not specifically seek partition of the parties' jointly held realty. Although defendant's amended counterclaim may be liberally construed to plead some special equities, defendant has failed to adequately prove them.

■■ Defendant's amended counterclaim, however, does seek alimony in gross. Section 18 of the Act provides in part that: "The court may order the husband or wife, as the case may be, to pay to the other party such sum of money, or convey to the party such real or personal property, payable or to be conveyed either in gross or by installments as settlement in lieu of alimony, as the court deems equitable." (Ill. Rev. Stat. 1975, ch. 40, par. 19.) There is no requirement that awards of alimony in gross be supported by special pleading or proof. As stated in Neumark, *Property Rights in Divorce*, 62 Ill. B. J. 242, 246 (1974): "All that is required under section [18] is that the recipient spouse be entitled to alimony and that the conveyance be equitable in light of the surrounding circumstances. The conveyance need not, in fact, be requested by the recipient spouse so long as the record demonstrates that this form of alimony is in his or her best interests. Thus, as often is the case, a special equity claim to property which has been short-circuited either by a failure to evidence equitable merit or by a pleading defect, may still be accomplished indirectly by a court directed transfer of property as part of the gross award of alimony." See *Persico v. Persico* (1951), 409 Ill. 608, 612, 100 N.E.2d 904.

■■ Although defendant has failed to specifically plead and prove special equities in property solely owned by the plaintiff, we feel that defendant is entitled to alimony in gross. It is clear from the record that defendant's long term and consistent contributions to the success of the farming operation entitles her to some form of additional distribution of family assets. The record discloses that, in addition to her duties within the home, defendant has worked outside the home for several years and had directed much of her salary into maintenance of the home and family. This has allowed plaintiff to reinvest income from the farm into expanded farming operations and additional equipment. The defendant has also contributed a portion of her earnings into common funds which were used for the purchase of some of the equipment and machinery. Furthermore, defendant provided the $6,000 down payment for purchase of the 80-acre farm and paid $16,500 toward the purchase of the marital residence. We are satisfied that without defendant's contributions, the

growth of the farming operation would have been hindered, if not severely curtailed. "Where a wife by her own industry, earnings, labor, economy and frugality has added to the financial betterment of the parties or to the husband's acquisition of an estate, she has an equitable interest which must be recognized by a fair division of property." *Gerhardt v. Gerhardt* (1974), 18 Ill. App. 3d 658, 662, 310 N.E.2d 224.

The decree in the instant case, however, awards defendant no credit for her contributions. The defendant was not awarded any part of the farm machinery, machine sheds, grain bins, nor any interest in the cattle or crops on hand. The defendant did not receive any interest in the property held in joint tenancy other than her one-half interest as joint tenant. Although the record reflects that defendant is currently employed as a teacher, such employment does not preclude an equitable division of property to which defendant is otherwise entitled. Employment conditions are subject to change and such possibilities must be considered by the trial court in its determination.

■ We find that the trial court in the instant case abused its discretion in failing to award the defendant alimony, or in lieu of alimony, such additional conveyances of real and personal property as would equitably reflect her contributions to the growth of the farming operation, over and above her interests in property held in joint tenancy. Accordingly, we affirm the decree insofar as it declares the parties divorced, but reverse those portions of the decree concerning alimony and division of property and remand for further proceedings consistent with this opinion.

Affirmed in part, reversed in part, and remanded with directions.

CRAVEN, J., concurs.

Mr. JUSTICE TRAPP, dissenting:

I dissent for the reason that the principal opinion departs from the organized legal concepts established through a chain of case law construing the statutes relating to alimony and support in effect at the time evidence was heard and the decree was entered in this cause.

The opinion correctly notes that no partition of real estate held in joint tenancy was sought and that for such reason the trial court was without authority to award partition. The opinion also correctly notes that the wife had failed to plead and prove special equities in the remainder of the property.

The opinion concludes that alimony in gross can be transmogrified into a vehicle for the award of property as a form of equitable distribution, although such manner of distribution was not authorized by section 17 of

the Divorce Act (Ill. Rev. Stat. 1975, ch. 40, par. 18) providing for the transfer of property by reason of special equities.

The conclusion stated in the opinion is not supported by statute or by law. Section 18 of the Divorce Act (Ill. Rev. Stat. 1975, ch. 40, par. 19) provides that alimony in gross may be employed as an alternative to the award of periodic alimony. The court stated in *McGaughy v. McGaughy* (1951), 410 Ill. 596, 102 N.E.2d 806, that periodic alimony was a better method of providing for the support of the wife under the law and reversed an award of one-half of farm property as such award would have the effect of putting a husband out of business. Under the law as it existed at the time of this decree, judicial decisions have consistently determined that alimony in gross is to be awarded only upon a finding of circumstances which make periodic alimony unworkable.

The circumstances which have been found to support alimony in gross as an alternative to periodic alimony may be categorized as those (1) where the husband was engaged in such a hazardous occupation that his ability to pay periodic alimony is uncertain (*Rodely v. Rodely* (1963), 28 Ill. 2d 347, 192 N.E.2d 347); (2) where the husband is in debt and has no present ability to pay periodic alimony (*Lipe v. Lipe* (1927), 327 Ill. 39, 158 N.E. 411; *Miezio v. Miezio* (1955), 6 Ill. 2d 469, 129 N.E.2d 20); (3) where the husband had such irregular income as to make him unable to pay periodic alimony (*Hall v. Hall* (1974), 18 Ill. App. 3d 583, 310 N.E.2d 186); and (4) where the husband had irregular employment or was frequently intoxicated and engaged in gambling (*Persico v. Persico* (1951), 409 Ill. 608, 100 N.E.2d 904; *Dmitroca v. Dmitroca* (1967), 79 Ill. App. 2d 220, 223 N.E.2d 545).

The opinion cites *Persico,* wherein the reviewing court found that the trial court's determination that periodic alimony was not feasible because of the husband's infrequent employment and habitual intoxication was supported by the evidence.

In what appears to be a second aspect, the opinion discusses the failure of the trial court to award "credit for her contributions" toward farm machinery, cattle or crops, so that there was a want of a "fair division" of property. The cited and quoted *Gerhardt v. Gerhardt* (1974), 18 Ill. App. 3d 658, 310 N.E.2d 224, was by its express terms directed to a consideration of pleadings and evidence upon a claim of special equities under section 17 of the Divorce Act (Ill. Rev. Stat. 1975, ch. 40, par. 18). Such reasoning is rationally inconsistent with the determination that the wife had failed to allege and prove any special equities in the property of the husband.

I would affirm the decree of the trial court.