(No. 32201.—

SHIRLEY D. BAKER, Appellant, *vs.* WINIFRED M. BAKER, Appellee.

*Opinion filed May 22, 1952—Rehearing denied September 15, 1952.*

512

SEARS & STREIT, of Aurora, (BARNABAS F. SEARS, DAVID H. ARMSTRONG, and LLOYD J. TYLER, JR., of counsel,) for appellant.

CHARLES H. ATWELL, of Aurora, (GEORGE H. TINKER, of counsel,) for appellee.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

This case comes here to review a decree of the circuit court of Kane County adjudging and decreeing these parties to be tenants in common of certain real estate. Appellant, Shirley D. Baker, prays that the case be reversed and remanded with instructions to order the property reconveyed to him as sole owner, or, in the alternative, that the cause be reversed and remanded for a new trial as to the equitable ownership of the property. A freehold being involved, the appeal comes here directly.

In the fall of 1940, appellant, Shirley D. Baker, purchased the real estate involved in this proceeding, on which

he erected a residence. This property is situated in the village of Montgomery in Kane County. At the time of the purchase, the legal title to this property was vested in Shirley D. Baker and his then wife, Dorothy P. Baker. Shirley and Dorothy P. Baker, mortgaged the property to the Home Building and Loan Association of Aurora, Illinois, to secure a loan. Dorothy P. Baker's name appeared on the records of the association as a mortgagor and on its loan account books, as well as on the tax bills. On April 30, 1943, Shirley D. Baker obtained a divorce from Dorothy P. Baker, the decree providing that such interest as Dorothy P. Baker may have had in said property became the property of Shirley D. Baker.

On May 13, 1943, Shirley D. Baker and the appellee, Winifred M. Baker, were married. When the tax lists were published in the newspaper in 1944, Winifred Baker discovered that Dorothy P. Baker's name appeared as title holder of this property. She discussed the matter with her husband, who told her he wanted to have the name removed. Shirley Baker thereafter contacted the Home Building and Loan Association with reference to removing his first wife's name from all records relating to the property. After several conversations relative to the property, the association drew up deeds whereby on March 8, 1944, Shirley D. Baker and Winifred M. Baker conveyed the property to one Dorothy Price, a spinster, who reconveyed the property to Shirley and Winifred Baker, in joint tenancy.

August 11, 1950, appellant filed suit for divorce charging adultery, and praying the court decree to appellant any interest that the appellee may have in this real estate. Appellee, Winifred M. Baker, answered and counterclaimed praying the court grant a divorce and decree that she was entitled to an undivided one-half interest in the real estate. Upon defendant's admission at the hearing, the court found she committed adultery on August 1, 1950. On this find-

ing, a decree of divorce was granted plaintiff, and it was decreed that the real estate held by the parties as joint tenants during their marriage be thereafter held as tenants in common of an undivided one-half interest, finding that the conveyance in joint tenancy was not attended by any fraud, misrepresentation or coercion on behalf of Winifred Baker, but rather constituted a gift from Shirley to Winifred. Shirley Baker prosecutes this appeal from that part of the decree, only, which adjudged and decreed the parties to be tenants in common.

Shirley Baker contends that Winifred Baker had no equitable interest in the property; that no gift to her was ever intended, the joint tenancy deed being executed merely for the purpose of correcting the title and mortgage records with respect to the name of his wife; and that the conveyance was fraudulently obtained, it being executed by him believing defendant to be a true, kind, and affectionate wife, whereas she was not and did not intend to treat him as a true, kind, and affectionate wife at the time of the conveyance.

Provision is made in section 17 of the Divorce Act (Ill. Rev. Stat. 1951, chap. 40, par. 18,) that "Whenever a divorce decree is granted, if it shall appear to the court that either party holds the title to property equitably belonging to the other, the court may compel conveyance thereof to be made to the party entitled to the same, upon such terms as it shall deem equitable." The mere circumstance that a husband purchased the property placed in joint tenancy with his wife does not make him the equitable owner of her interest. Property voluntarily conveyed by a husband to his wife, without fraud or coercion is presumed to be a gift, notwithstanding the fact the husband purchased the property with his own money, and the wife may hold the property against him. (*Bowman* v. *Pettersen*, 410 Ill. 519; *Lutticke* v. *Lutticke*, 406 Ill. 181; *Moneta* v. *Hoinacki*, 394 Ill. 47; *Nickoloff* v. *Nickoloff*, 384 Ill. 377; *Spina* v.

*Spina,* 372 Ill. 50.) This presumption of fact is not conclusive but may be rebutted by proof. It can only be overcome by clear, convincing, and unmistakable evidence that no gift was intended. (*Lutticke* v. *Lutticke,* 406 Ill. 181; *Link* v. *Emrich,* 346 Ill. 238.) It is often said the presumption of gift is not to be frittered away by mere refinement.

There was absolutely no occasion for the execution of the conveyance in joint tenancy for the purpose of removing the former wife's name from the title. The decree granting Shirley Baker a divorce from Dorothy P. Baker had already accomplished this.

Appellant first alleged in his complaint that the conveyance in joint tenancy was made at the suggestion of the Home Building & Loan Association in order to secure a loan then pending. The evidence shows that no application for a loan was then pending, the property in fact being at that time mortgaged to the association for a loan made in 1940. In his answer to the counterclaim plaintiff alleged the property was placed in joint tenancy at the request of the association for the transfer of a loan and mortgage. In his amendment to his complaint, filed at the end of the trial, Shirley Baker alleged he inquired of the association what should be done to correct the record to conform to the true facts and the association then prepared the deeds of conveyance. The record discloses that Winifred Baker at no time requested her husband to convey the property to her in joint tenancy; that only Shirley Baker talked with the association concerning the transaction; and he claims they both requested the association to draw the deed. Title has stood in joint tenancy between Shirley and Winifred Baker for six years. At no time, until the filing of this divorce action, has Shirley Baker ever indicated that his wife was not intended to have an interest in the property. He professes that at the time of the conveyance he was unaware of the legal significance of a joint tenancy

interest. There is evidence in the record that the property had previously been in joint tenancy between Shirley Baker and his first wife, Dorothy P. Baker. Moreover, if he was ignorant of the nature and effect of a joint-tenancy deed, a duty rested upon him to obtain an understanding thereof when he executed such a conveyance. (*Spina* v. *Spina,* 372 Ill. 50.) There is no other evidence offered to sustain the allegations of Shirley Baker that he never intended to make a gift of the property to his wife. Consequently, this record is not of such convincing character as would rebut the presumption of gift.

Appellant contends the conveyance may be set aside for fraud, in that the defendant contemplated a fraudulent abandonment of her marital duties at the time of the conveyance. Appellant relies on the case of *Walsh* v. *Walsh,* 372 Ill. 254, where by a divorce decree the wife was ordered to reconvey to the husband certain property previously conveyed to her in joint tenancy by him, since at the time of the conveyance she was, unknown to her husband, living an adulterous life and had no intention of abandoning it. The case quotes *Fischer* v. *Fischer,* 245 Ill. 426, where this court said: "If the transaction is fair and honest and made in good faith, subsequent acts of misconduct of the wife not in contemplation at the time of the conveyance would probably not warrant a court of equity in decreeing a cancellation of the conveyance. If, however, the transfer is procured by the wife and is attended with circumstances from which it can be reasonably inferred that she contemplated an abandonment of her marital duties after securing such conveyance, a court of equity will grant relief and restore the property to the husband."

Nothing in the record here indicates that at the time the conveyance in question was made, and for six years thereafter, Winifred Baker was other than a dutiful wife to Shirley Baker. Beginning in 1944, she worked in

the Baker Laundry, her husband's business establishment, until August of 1950. She did all kinds of work around the laundry and dry-cleaning plant, earning about $7500 during the years she worked there. Mrs. Baker deposited her wages in a bank account in her husband's name. She could not sign checks drawn on his bank account. It is thus evident that she aided her husband in the elimination of the mortgage indebtedness, and in providing a home and livelihood for both of them. While the evidence infers that she was less than careful with her language and not as modest as might be expected, there is nothing in the record from which we can reasonably infer that she was remiss in her wifely duties after securing a conveyance. Evidence of her conduct prior to her marriage does not indicate that she failed to be a dutiful wife subsequent to her marriage. The only evidence of an abandonment of her marital duties produced before this court is her admitted adulterous relations in 1950, seven years after her marriage and six years after the conveyance in question. As pointed out in *Fischer* v. *Fischer,* 245 Ill. 426, subsequent acts of misconduct of the wife not shown to be in contemplation at the time of the conveyance would not warrant a cancellation of the conveyance. The chancellor made a finding that the conveyance here in issue was not attended by any fraud, misrepresentation or coercion on behalf of Winifred M. Baker. Where the chancellor has heard the testimony of witnesses in open court, his findings of facts are entitled to great weight and will not be disturbed by this court unless clearly and palapably against the weight of the evidence. (*Miethe v. Miethe,* 410 Ill. 226.) Certainly, this record does not indicate the findings of fraud to be contrary to the weight of the evidence.

Plaintiff contends the trial court committed error in refusing to admit plaintiff's testimony of his intention at the time of the execution of the conveyance. Plaintiff offered to prove that if he had been permitted to answer

the question propounded to him he would have answered that he did not intend to make an absolute gift of an undivided one-half interest in that property during the life of both of them with an absolute title in the wife upon the death of the husband prior to the wife. In support of his contention plaintiff cites several cases, all of which are distinguishable. These cases, allowing a witness to testify concerning his intention at the time of the conveyance in question, were those in which the testimony of intent could be substantiated by other facts and circumstances existing at the time, or where the witness was no longer an interested party. Here, the plaintiff's offered statement of intent is unsupported by any related evidence. No circumstances prompted the conveyance in joint tenancy. It was not required to clear the title of the former wife's interest, nor was it prompted by any business motive. In fact, plaintiff offered four different reasons for the conveyance during the course of the proceedings. Assuming, as we do, that such evidence was competent and material and its exclusion was error, nothing indicates that it was prejudicial error. Even had plaintiff been permitted to testify in the trial court concerning his intention in executing this conveyance, it would still have been a statement of a self-serving nature by an interested party. The court would necessarily so have to consider such a statement in weighing its evidentiary value. It could, therefore, have very little effect upon the determination made by the trial court, in the light of the other evidence presented, or the lack of it. The court, in order to accord credibility to his statement of intent, would necessarily have to assure itself that he spoke of his intent as it existed in 1944, since it is his intent in 1944 at the time of the conveyance that must control—not his intent in 1951. (*Spina* v. *Spina*, 372 Ill. 50.) It is difficult to see how receiving the plaintiff's statement of his intent in making the conveyance could reasonably have affected the determination reached by the

trial court, in the light of this record. A judgment will not be reversed for error unless it appears such error affected the outcome below. (*Lindroth* v. *Walgreen Co.* 407 Ill. 121.) The error here assigned does not appear to be reversible error.

Considering all the facts and circumstances evidenced by the record, we cannot say that plaintiff met his burden of rebutting the presumption of a gift of a joint-tenancy interest in the property by testimony of a convincing character. There is a finding negating fraud on defendant's part in the making of the conveyance. The decree of the circuit court of Kane County is, therefore, affirmed.

*Decree affirmed.*