Walter Sullivan, Plaintiff-Appellee, v. Carol Sullivan, Defendant-Appellant.

Gen. No. 10,753.

Fourth District.

February 2, 1967.

194

Broverman & Broverman, of Taylorville, and Bernard C. Mayberry, of Lincoln, for appellant.

Edwin C. Mills, of Lincoln, for appellee.

TRAPP, J.

The trial court's decree awarded a divorce to the plaintiff husband upon the grounds of defendant's adultery and further determined that plaintiff's conveyance of previously owned real estate in joint tenancy with the defendant, following marriage, was void for want of consideration, want of delivery of the deed, and that the deed was obtained by false and fraudulent representations. Defendant's counterclaim for partition was dismissed for want of equity, and the decree ordered the defendant to reconvey the property to the plaintiff.

This appeal is limited to that part of the decree ordering the wife to reconvey the interest in the real estate and dismissing her action for partition.

The plaintiff, aged 64, and the defendant, aged 21, were married on June 2, 1963, following a courtship of two and one-half years. On September 14, 1963, plaintiff's real estate, owned by him prior to the marriage, was conveyed so as to create a joint tenancy between the parties. The deed was recorded on September 24, 1963. The defendant admitted that she went to visit her mother for a week and a half or two weeks during the first part of October, 1963, and moved from the town where the parties resided on October 15th. An issue is whether defendant lived in plaintiff's home following the marriage.

The complaint, filed in September, 1964, sought divorce upon the grounds of adultery and contained counts alleging that the conveyance in issue was without consider-

ation and was induced by fraud and asked that defendant's interest in the real estate be cancelled and held void. The case was heard by the trial court upon an amended complaint relating to the same issues. Defendant answered, denying the charges of adultery and alleging that she was a joint tenant in the real estate by virtue of the deed, and counterclaimed for partition of the real estate.

The plaintiff's evidence is that the defendant refused to live with him in his home beginning with the return on the day of the wedding. It is his testimony that as they returned to Mt. Pulaski from Decatur, she stated that she was sorry that she had married him and was not going home with him, and that she stayed that night at the home of a friend in Mt. Pulaski with whom she had been living, and substantially that she continued to do so until leaving Mt. Pulaski. Defendant says that she may have made the statement that she was sorry that she had married him. Defendant further says that she stayed for several days with her friend in the town because a bedroom in the house was being painted, although it appears that at least one other bedroom was available.

The testimony of the plaintiff, with some corroboration, is that the defendant refused to stay at his home at night, except for two occasions when defendant's mother was visiting, at which time the defendant occupied a bedroom with the latter. Plaintiff testified that the only other occasion when defendant stayed the night was a time when the parties had been out to dinner, and as they returned the defendant became violently ill and remained so during the night. The tenor of the evidence is that the defendant frequently came to the home during the day and that she prepared the meals which were taken to the plaintiff at his place of business.

Upon defendant's testimony, she left because of the impotence of the plaintiff. He denies this. It is her

testimony that she did, in fact, live in the home of the plaintiff during most of the period through June 2nd to October, 1963. Her corroborating witness spoke of visits to the home of the parties in the late afternoon or early evening.

The thrust of plaintiff's testimony is that he was seeking to persuade the defendant to come to the home and live with him, and that he purchased a colored television set with the hope of persuading her so to do. He further testified that following conversations with the defendant and her promises that she would come to live in the home, he procured the conveyance in joint tenancy, which is at issue. The essence of defendant's testimony is that plaintiff wanted to make provision for her and to cut out plaintiff's children, who did not approve of the marriage of the parties.

From the testimony of the defendant, it appears that she moved from Mt. Pulaski without telling plaintiff that she was doing so.

■ Our examination of the record demonstrates utter conflict upon most of the matters of evidence between the parties. As has been so frequently said by reviewing courts, the trial court has the opportunity to hear the witnesses and observe their demeanor and manner of testifying, and for such reason the findings reached by the trial court will not be disturbed unless manifestly against the weight of the evidence. Tuyls v. Tuyls, 21 Ill2d 192, 171 NE2d 779; Baker v. Baker, 412 Ill 511, 107 NE2d 711. Our examination of the record discloses nothing calling for the conclusion that there was manifest error by the trial court.

It is the defendant's theory that by reason of the marital relation, the conveyance from the plaintiff to defendant is presumed to be a gift. An acceptance of the determination of the trial court upon the nature of the transaction makes such a presumption difficult to sustain.

██ The authority in this State is that absent fraud or coercion, a voluntary conveyance by a husband to his wife will be presumed to be a gift. Equally established, however, is the authority that where the conveyance is made upon the promise of the wife to return to the home, or to act as a good and kind wife and such promise has not been kept, equity will hold the conveyance a nullity. In Fischer v. Fischer, 245 Ill 426, 92 NE 283, it was said that fraud might reasonably be inferred from such circumstances. In Coonce v. Coonce, 296 Ill 585, 130 NE 349, under similar circumstances, it was said that the deed was obtained in bad faith. See also Bissett v. Bissett, 375 Ill 551, 31 NE2d 955. In Walsh v. Walsh, 372 Ill 254, 23 NE2d 341, the Supreme Court cited Fischer as requiring that the transaction must be in good faith on the part of the wife.

We have examined the several authorities cited by defendant. In Lutticke v. Lutticke, 406 Ill 181, 92 NE2d 754, the divorce was granted after the wife's desertion some six years subsequent to the conveyance. The husband's sole contention was that the property was equitably his because he furnished the consideration. There was no allegation of fraud, want of consideration or bad faith. In Shlensky v. Shlensky, 369 Ill 179, 15 NE2d 694, the Supreme Court reversed the decree setting aside the conveyance to the wife, finding that four independent witnesses had contradicted the testimony of the husband regarding the representations made at the time of the conveyance, and noting that six years had intervened between the conveyance and the divorce proceeding. In Bielby v. Bielby, 333 Ill 478, 165 NE 231, the Supreme Court distinguishes conveyances made in consideration of marriage from those made after marriage upon a promise to be faithful, as in Hursen v. Hursen, 212 Ill 377, 72 NE 391, and Wiederhold v. Wiederhold, 305 Ill 429, 137 NE 461, pointing out that the latter cases were

decided upon equitable considerations. Defendant also relies upon Baker v. Baker, 412 Ill 511, 107 NE2d 711, where the Supreme Court pointed out that the presumption of a gift from husband to wife is rebuttable. In that case, however, there was no evidence that a gift was not intended, it appearing that the trial court had found no promises or misrepresentations by the wife, and that the conveyance in issue was made some seven years before her misconduct.

■ The defendant argues that there was a failure to prove the five traditional elements of fraud, particularly urging that a promise of future conduct, even assuming an intention not to perform it, is not the false representation of past or present existing material fact essential to relief from fraud. In addition, however, to the case heretofore cited providing equitable relief in instances of promises relating to future conduct in marital matters, we find that equity will provide relief in those cases where the promise made without intent to perform, or the false representation, is, in fact, part of the scheme or device to procure the conveyance. McDonald v. McDonald, 408 Ill 388, 97 NE2d 336; Luttrell v. Wyatt, 305 Ill 274, 137 NE 95. As stated in Roda v. Berko, 401 Ill 335, 81 NE 2d 912 at p 915:

> "However, in cases where the false promise or representation of intention or of future conduct is the scheme or device to accomplish the fraud and thereby cheat and defraud another of his property, equity will right the wrong by restoring the parties to the positions they occupied before the fraud was committed. Luttrell v. Wyatt, 305 Ill 274, 137 NE 95; Abbott v. Loving, 303 Ill 154, 135 NE 442."

■ ■ The defendant admitted that she went to her mother's home town within several days after the deed was returned from the Recorder, and there is evidence

199

that within a month following she entered into an adulterous relation. We believe that the trial court was authorized to scrutinize such conduct for inferences of bad faith prior to and at the time of the conveyances. Defendant's argument that plaintiff should not have relied upon defendant's promises, but should have been suspicious of them, or that he was chargeable with knowledge that the representations were false when made, is not appropriate under the facts of this case.

The decree of the trial court is affirmed.

Affirmed.

CRAVEN, P. J. and SMITH, J., concur.