**John Willie Chambers, Plaintiff-Appellant, v. Gladys Addie Chambers, Defendant-Appellee.**

Gen. No. 68–152.

Second District.

April 16, 1969.

John R. Snively, of Rockford, for appellant.

Smith, Penniman and McGreevy, of Rockford, for appellee.

PRESIDING JUSTICE MORAN delivered the opinion of the court.

The plaintiff, John W. Chambers, appeals from an amended decree of divorce granted to the defendant, Gladys A. Chambers, on her amended counterclaim, which was based upon desertion.

The pleadings herein reveal that on January 12, 1967, the plaintiff filed his complaint for divorce which, among other things, alleged that two children were born of the marriage and that the defendant deserted him on January 9, 1966. The defendant answered and, by way of counterclaim, alleged that the plaintiff deserted her on January 9, 1966. Then the defendant amended her counterclaim to show that three children, rather than two as originally alleged, were born of the marriage. The plaintiff answered and introduced the affirmative defense of adultery. The pleadings remained in this state until October 3, 1967, when the defendant again amended her complaint, this time on its face, to show that the desertion on the part of the plaintiff commenced on April 15, 1966, and not on January 9, 1966.

On March 4, 1968, a hearing was had wherein the plaintiff testified that on Sunday, January 9, 1966, he came home from work and found his clothes in a box in the hallway and the door locked; that he knocked on the door and his wife shouted through the door and said, "There are your clothes out there, leave"; he responded, "I will break the lock off the door and come in," to which she said, "If you do, I will call the cops." With this, he got his clothes and left, and stayed with his employer, Melvin Kittoe for about a week and thereafter has lived at various residences in the City of Rockford; that there were two children born of the parties, one prior to their marriage and one subsequent thereto; that he never returned to live with his wife but when he did ask to return she stated that "she was fixing to have a baby and it wasn't mine and I wouldn't be happy with it"; that he visited with the older two children and was willing to support them; that he had not had any sexual relations with the defendant since about one week before their separation; and that it would be desirable at this time to have the children remain with their mother.

457

The employer of the plaintiff, in his testimony, substantiated the fact that the plaintiff moved in with him on the Sunday stated; that the plaintiff has been residing within the Rockford area at all times; and that he was a diligent worker.

The defendant testified that the plaintiff left their home the Thursday before the Sunday episode and when he returned about 6:00 p. m. on Sunday evening, he was drunk; that the Friday before, he telephoned from a tavern and told her that if she wanted any money she would have to come to the tavern to get it and "he was so smart about it . . . I said, 'If that is the way you feel you keep it,' because I didn't go over there. So on Sunday he comes home drunk, and that is when I had his clothes sitting out there"; that in the same conversation she told him that the kids were without food and the rent was not paid; that he returned late one Friday night or early Saturday morning the next month and had sexual relations with her; that she requested that he stay with her at least for the children's sake, but he got a cab and left without ever returning; and that the third child was born on Saturday, November 5, 1966.

In rebuttal, the plaintiff denied all of the material statements made by the defendant in her testimony, as did his employer who returned to the stand as a rebuttal witness.

The above constituted all of the evidence heard by the trial court and, as can be seen, such evidence was in conflict. It is urged on this appeal that the trial judge committed error in two respects: First, his finding of desertion on the part of the plaintiff and, second, his finding that the third child was the legitimate child of the parties, were both against the manifest weight of the evidence.

■■ The law on the subject of what does or does not constitute the manifest weight of the evidence has been reiterated so many times that it seems useless to repeat it

here. Nevertheless, the rule is, that where the evidence is in conflict, as in the present case, the court's findings will not be disturbed unless it is so manifestly against the weight of the evidence that it cannot stand, the reason being that the judge has observed the witnesses and heard them testify. Everett v. Everett, 25 Ill2d 342, 343–344, 185 NE2d 201 (1962) ; Sullivan v. Sullivan, 79 Ill App2d 194, 197, 223 NE2d 461 (1967) ; Boyd v. Boyd, 58 Ill App2d 1, 7, 207 NE2d 350 (1965). A review of the record in this case does not reveal that the trial court abused its discretion when it found from the evidence that the plaintiff deserted the defendant.

■ With regard to the plaintiff's second contention, concerning the legitimacy of the third child, we refer to the case of People ex rel. Gonzalez v. Monroe, 43 Ill App2d 1, 6, 192 NE2d 691 (1963). In that case the facts established that the complaining witness, who was married but living separate from her husband in the same home, had carried on a clandestine relationship over a period of time with the respondent. The evidence disclosed sexual relationship, a discussion between the parties and a doctor relative to the terminating of the witness's pregnancy, admissions by respondent of his being alone with the witness on various occasions and much other indicia of the respondent being the father of the child. The evidence was strong enough to convince the jury that the respondent was the father and to convince the trial judge, who denied the respondent's post-trial motion. However, this Court reversed outright without remand, asserting that clear and irrefragable proof was not presented by the witness as to nonintercourse with her husband during the time the child was conceived (page 8), thereby re-establishing the almost conclusive presumption that a husband is the father of a child born to his wife (page 6). While this Court outlined certain circumstances to rebut this presumption, none of those conditions are present in the instant case. We therefore conclude that the trial court's

finding of legitimacy of the third child was well within the manifest weight of the evidence herein.

The amended decree appealed from is affirmed.

Decree affirmed.

DAVIS and SEIDENFELD, JJ., concur.