NORMA P. NORRIS, Plaintiff-Appellant, *v.* JOHN H. NORRIS, Defendant-Appellee.

(No. 73-8; )

Fifth District—January 21, 1974.

Frank H. Walker, of Mt. Vernon, for appellant.

Howard & Howard, of Mt. Vernon (G. W. Howard III, of counsel), for appellee.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Plaintiff appeals from a divorce decree entered against her in the Circuit Court of Jefferson County, Illinois. She does not challenge the divorce or the grounds therefor, but only the division of property made by the court.

After 22 years of marriage, plaintiff Norma Norris brought an action for

divorce against her spouse, John Norris. He counterclaimed and prevailed on the grounds of extreme and repeated mental cruelty and desertion. In August, 1972, when the divorce was granted, the trial court divided the real and personal property of the parties essentially along the lines of what each had owned prior to the marriage and what each had purchased since; there apparently was no jointly owned property. The plaintiff was given her clothing and personal effects, various household items which she brought to her husband's home when they married, and one automobile which she purchased with her own funds. All other property, including the 265 acre farm which he had inherited prior to their marriage, a modular home where the family had lived, and all other machinery, improvements on the land and livestock, was declared the sole property of the defendant, title always having been in his name alone (except two automobiles to which plaintiff held title but were in the possession of the Norris daughters).

It is undisputed that the first ten years of this marriage were harmonious. Until plaintiff obtained employment outside the home, she was engaged as a full-time wife and mother. She did traditional tasks, including cooking, cleaning, gardening, preserving considerable quantities of food, and helping her farmer husband by preparing the five or six daily meals for hired hands who were needed occasionally. After plaintiff obtained outside employment, she continued to do the traditional tasks and contributed part of her income to purchase some of the family's food and clothing. However, the evidence does not clearly show what property was acquired by the couple's joint efforts or to what extent plaintiff's earned income freed the defendant's farm income for investment in and improvement of his farm.

■■■ Although the property division ordered by the trial court may seem harsh, we must affirm it. In *Everett v. Everett*, 25 Ill.2d 342, our Supreme Court said at 347-348:

> "It is also well established that the rights or interests that one spouse has in the property of the other by virtue of the marriage relation alone will not justify a conveyance under section 17 [Citations], but it must be alleged and proved by the spouse seeking a part or all of the property in the name of the other that he or she has furnished valuable consideration such as money or services other than those normally performed in the marriage relation which has directly or indirectly been used to acquire or enhance the value of the property.
>
> &ast; &ast; &ast;

In *Spalding v. Spalding*, 361 Ill. 387, this court, after reviewing cases from this State and others, held that payments voluntarily

made by a wife for family expenses during the time the husband and wife are living together do not create an indebtedness from the husband to the wife, in the absence of an agreement to that effect."

Under the rationale of *Everett*, the trial court was correct in awarding the real and personal property as it did.

■■ Appellant argues in the alternative that she should receive some interest in the farm property in lieu of alimony as authorized by section 18 of the Divorce Act. Such a conclusion would have to be predicated on a finding that appellant was entitled to alimony. (*Cross v. Cross*, 5 Ill.2d 456, 125 N.E.2d 488.) An award of alimony in Illinois is conditioned on one spouse's need of alimony and the other's ability to pay. (*Klebba v. Klebba*, 108 Ill.App.2d 32, 246 N.E.2d 681.) Since neither party is entitled to alimony, to order a conveyance of property in lieu of alimony would be improper.

Judgment affirmed.

EBERSPACHER and JONES, JJ., concur.