COLLEEN A. ALVARADO, Plaintiff-Appellee, v. JOHN R. ALVARADO, Defendant-Appellant.

(No. 73-157;

Third District—September 5, 1974.

Bradley J. Schwager, of Peter F. Ferracuti Associates, of Ottawa, for appellant.

John Wolslegel, of Ottawa, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Defendant-appellant John Alvarado appeals from that part of a divorce decree awarding to plaintiff-appellee Colleen Alavarado full title to a 91.90-acre farm and residence.

The parties were married in 1951. In 1956 they moved in with plaintiff-

wife's mother in Ottawa who upon her death in 1958 devised her home to plaintiff and her sister. Plaintiff and defendant mortgaged plaintiff's one-half interest and used the money to purchase wife's sister's one-half interest. In 1961 plaintiff's father died and left to her and her sister a 91.90 acre farm. The Alvarados mortgaged her one-half interest and used the money to buy her sister's one-half interest. Both these mortgages were signed by defendant-husband. In 1966 the Ottawa home was sold and after paying the mortgage the balance was applied toward building a house on the farm property.

In 1963 in connection with a pending divorce action instituted by plaintiff-wife defendant-husband executed quitclaim deeds to both the house in Ottawa and to the farm property. This action was never completed because the parties reconciled and lived together until 1971. The present action was commenced by plaintiff-wife in 1971.

■■ The first issue involves the 1963 conveyance. It is plaintiff's contention that the conveyance by her husband constituted a gift to plaintiff of any interest of defendant in these properties. The issue is whether the trial court erred in finding that defendant conveyed a gift to plaintiff in this transaction. We hold that it was error for the court below to find that defendant made a gift of the two properties. The circumstances surrounding this conveyance rebut any presumption that might have been made regarding a gift from defendant to plaintiff, for the facts here show a lack of donative intent.

Husband contends further that the court erred when it failed to find that defendant owned a property interest in the marital residence and farm based upon special equities as were alleged in defendant's amended answer to plaintiff's complaint. The applicable statute is section 17 of the Divorce Act (Ill. Rev. Stat. 1971, ch. 40, par. 18), which reads as follows, "Whenever a divorce is granted, if it shall appear to the court that either party holds the title to property equitably belonging to the other, the court may compel conveyance thereof to be made to the party entitled to the same, upon such terms as it shall deem equitable." It should be noted here that the wife held sole legal title to the property in question. The trial court refused to apply the statutory provision. The issue presented by this appeal is not the applicability of section 17. The issue is whether the facts here demonstrate those special equities which can be deemed sufficient to justify the determination that defendant, even though not the titleholder, had an interest in the property in the name of plaintiff.

■■ In the case of *Everett v. Everett*, 25 Ill.2d 342, 347, 185 N.E.2d 201, it was held regarding the special equities section of the Divorce Act that "* * * it must be alleged and proved by the spouse seeking a

part or all of the property in the name of the other that he or she has furnished valuable consideration such as money or services other than those normally performed in the marriage relation which has directly or indirectly been used to acquire or enhance the value of the property." Plaintiff-appellee does not dispute this general rule. It is therefore necessary to judge from the facts in this case whether the money and services contributed by defendant-husband were more than that merely normally contributed in the marriage relationship and also whether such services and money directly or indirectly enhanced the value of the property. We should note first that the proceeds from the sale of the Ottawa home were applied toward building the new home on the farm property. With regard to the Ottawa home defendant made substantial capital improvements, including plumbing, rewiring and remodeling, and he claims that the expenses for such work were paid from his income.

With regard to the farm property defendant claims the evidence shows: one, that the initial downpayment on the farm was derived from the sale of the home located in Ottawa to which defendant had substantially contributed; two, since the purchase of the farm defendant has farmed and improved the productivity of the land and used the proceeds from the farm harvest to pay the mortgage on the property; three, since the purchase of the farm defendant has also paid the mortgage on the property and residence from his earnings; and four, the home located on the farm was built through his physical labor and efforts since he personally installed the wiring, installed the plumbing, installed the furnace and completed all necessary tasks that arose in the completion of the residence. Defendant also claims that for 9 years he had been putting in 80 hours a week or better farming from 4:30 in the morning until 2 o'clock in the afternoon and then working from 3 o'clock in the afternoon until 11 o'clock in the evening at Libby-Owens Ford. The foregoing facts are not substantially in dispute.

Plaintiff-wife contends that the money contributed by her husband to the farm property actually came from a joint account. She did not begin working until 1968 and she made about $8,000 a year at least a part of which went into the joint account. All the farm proceeds went into the joint account.

■■ We hold that the facts in this case demonstrate those special equities which can be deemed sufficient to justify a transfer of interest from the sole titleholder to the other party having an equitable interest in the property. We do not attempt on this appeal to determine how much of an interest exists.

■■ An issue was also raised regarding a possible implied partnership between defendant-husband and plaintiff-wife. Due to our holding there

were special equities requiring a conclusion that defendant-husband had an equitable interest in the property, it is not necessary for us to deal with the contention there was an implied partnership relationship.

For the foregoing reasons that part of the decree granting full title to the farm and residence to the plaintiff-wife is reversed and remanded to the trial court for proceedings in accordance with this opinion.

Reversed and remanded with directions.

SCOTT, P. J., and ALLOY, J., concur.