EVELYN LEONE, Plaintiff-Appellant, *v.* HARVEY J. LEONE, Defendant-Appellee.

Third District   No. 75-116

Opinion filed June 29, 1976.

548

ALLOY, J., dissenting.

Paul Perona, Jr., of Spring Valley, for appellant.

Herbolsheimer & Lannon, of La Salle (R. J. Lannon, of counsel), for appellee.

Mr. JUSTICE STENGEL delivered the opinion of the court:

The Circuit Court of La Salle County entered a decree granting plaintiff Evelyn Leone a divorce from defendant Harvey J. Leone. Plaintiff appeals from the trial court's order denying her any property interest in assets owned solely by defendant. Plaintiff also appeals from the alimony award of $1,500 per month, and defendant cross-appeals from the award of alimony and plaintiff's attorney's fees.

Plaintiff and defendant were married in 1946 and are the parents of two children, both of whom were adults living away from home at the time of the divorce. Plaintiff had savings of $2,000 and defendant had $250 saved at the time they were married. After the marriage defendant was employed in the grain elevator business owned by plaintiff's father, and

after the father's death, he purchased the business in 1951 for $12,000. Prior to the purchase of the business, plaintiff had worked outside the home for periods totaling more than two years until the couple's second child was born in 1951. Her earnings during this time totaled about $6,000. In 1956 plaintiff returned to work part time at the elevator where she did the bookkeeping, prepared reports, and participated in the major decisions involving expansion of the business. Occasionally she opened up the office, weighed grain, and did other work. She stopped work at the elevator when the defendant left home in 1971, but resumed work again in 1973. She has received no pay for this work which averaged about 10 hours per week for 17 years. Throughout the marriage plaintiff took care of the family and home with no outside help, and managed the family finances in a thrifty manner. The parties pooled all of their earnings and savings in a common fund used for both family and business purposes.

Plaintiff received a gift from her mother and an inheritance from an aunt, totaling $5,000 which were also placed in the common pool of funds. Using business profits and savings, the elevator business was expanded between 1951 and 1971 with the purchase of additional land and erection of new buildings. The parties also invested in stocks and bonds, and real estate. The business was incorporated in 1967, with defendant as president and plaintiff serving as corporate secretary. In addition to her personal funds and labor, plaintiff contributed her share of the rental income from one piece of jointly owned elevator property and her share of the proceeds from a sale of stock to the common fund.

Defendant worked long hours in the business, ranging from 60 to 100 hours per week in the busy season. Much of his work was physical, and the volume of business was greatly expanded under his management. Besides storing and drying grain, the business now sells seed and fertilizer. His personal efforts have been largely responsible for the growth and success of the business.

At the time of the divorce, the parties owned assets having a total value of $444,150. Plaintiff owned shares of stock and a certificate of deposit with a value of $4,500 in her name alone. The parties jointly owned some shares of stock, bank accounts, equity in a residence, one parcel of real estate which was rented to the elevator corporation, and a one-half interest in an island in Canada, all of which have a total value of $108,000. Defendant held title in his name alone to shares in two grain companies, having a value of $260,000, and other property, including one-half interest in an airplane, life insurance policies, an elevator building, and promissory notes, totaling $71,600 in value. The total value of property in defendant's name was $331,600. Defendant's adjusted gross income for tax purposes was $35,300 in 1971; $40,100 in 1972; and $59,400 in 1973.

After hearing all the evidence, the trial court awarded plaintiff $1,500

per month alimony plus the assets owned by her alone, and a one-half share in all the jointly owned assets, except the elevator property. Because the buildings on the property were essential to the elevator business, the trial court found that defendant had a special equity, and ordered plaintiff to convey her interest to defendant upon his payment to her of $5,000. The court found that plaintiff had special equities in defendant's property arising from the savings she brought to the marriage and her inheritance and gift, in the amount of $7,000. The court also ordered defendant to pay plaintiff's attorney's fees in the sum of $4,250.

Plaintiff's primary contention on appeal is that the trial court erred in refusing to recognize her special equities in the property owned by defendant in excess of $7,000.

The statutory provision which authorizes a court to divide property equitably (Ill. Rev. Stat. 1975, ch. 40, par. 18) is as follows:

> "Whenever a divorce is granted, if it shall appear to the court that either party holds the title to property equitably belonging to the other, the court may compel conveyance thereof to be made to the party entitled to the same, upon such terms as it shall deem equitable."

■■ In applying this provision to the circumstances of a particular case, it has been held that the spouse seeking a part or all of the property in the name of the other must allege and prove that he or she has furnished valuable consideration such as money or services other than those normally performed in the marriage relation which has directly or indirectly been used to acquire or enhance the value of the property. *Everett v. Everett* (1962), 25 Ill. 2d 342, 185 N.E.2d 201; *Alvarado v. Alvarado* (3d Dist. 1974), 22 Ill. App. 3d 10, 316 N.E.2d 561.

In *Cross v. Cross* (1955), 5 Ill. 2d 456, 466, 125 N.E.2d 488, the court reiterated the general rule as follows:

> "[W]here a wife has from equitable considerations other and additional interests in her husband's property than such as attack to her status as a wife, such as where her money comes into the hands of her husband and is invested in real estate to which he holds title; or if realty represents joint earnings, work or savings of husband and wife; or if her earnings or savings have gone into his possession and aided him in acquiring the real estate; the court may then properly decree, when dissolving the marriage relation, that the wife shall be vested with title in fee to such realty as will effect an equitable and fair adjustment of the property rights of the parties. [Citations.]"

In *Cross*, the Supreme Court reversed the trial court and found the wife to be entitled to a conveyance of her one-half interest in the marital home because of her contributions to the family income derived from her

outside employment, cash gifts from her family, and her good management and frugality. Accord, *Gerhardt v. Gerhardt* (3d Dist. 1974), 18 Ill. App. 3d 658, 310 N.E.2d 224.

According to the evidence before the trial court here, plaintiff contributed $7,000 of her personal money to the marital funds as well as her earnings in the early years of the marriage. Thereafter she has performed personal services in the business without pay which saved the expense of a clerical employee. Defendant estimated the cost of hiring someone to do this work at $50 to $100 per week. She has also participated in the decisions to expand the business and to invest savings, has served as an officer of the corporation, and has cosigned business loans. The business itself was started by plaintiff's father, and apparently was sold to defendant at a lower price because of his family relationship, although the evidence is conflicting on the latter point. Defendant testified that, when the assets were acquired, the parties never gave any thought to who should hold legal title, and that they considered the property as assets of both. All money that both received, including profits from the business, investment income, and plaintiff's income, was considered by defendant to be the money of both and was used partially for household expenses and part put back into the business. Beginning in 1951, family expenses were consistently less than income so that the excess funds were available for expansion of the business as well as other investments. Clearly, all of the assets of the parties were accumulated through the joint efforts of both husband and wife. The fact that defendant made a greater personal contribution to the management and operation of the business enterprise does not justify a refusal to recognize plaintiff's special equities in the business assets held in defendant's name.

The trial court awarded plaintiff her one-half interest in the jointly owned property, having a value of $54,000, and an alimony allowance of $1,500 per month. It is argued that the alimony award actually represents her interest in the business, and that it is in plaintiff's best interest to receive a generous alimony allotment rather than to impose a cash burden on defendant's business or to give her a minority ownership interest in the corporation.

We believe this view fails to consider the distinction between alimony and special equities in property. As was noted in *Palacio v. Palacio* (1st Dist. 1975), 33 Ill. App. 3d 1074, 339 N.E.2d 427, alimony is conditional upon one spouse's present and future need for support and the other's ability to pay (*Norris v. Norris* (5th Dist. 1974), 16 Ill. App. 3d 879, 307 N.E.2d 181), and is separate from the right to special equities which arises from past contributions to the marital estate. See Neumark, *Property Rights in Divorce*, 62 Ill. B. J. 242, 251 (1974).

In *Savich v. Savich* (1957), 12 Ill. 2d 454, 147 N.E.2d 85, the parties

owned a home in joint tenancy, and a part of the down payment came from family savings to which the wife had contributed. The Supreme Court said:

> "[I]f plaintiff had sought a partition of the premises, to which she would have been entitled as a matter of right * * * and which would in no way have impaired her additional right to alimony, a court would properly have taken cognizance not only of the portion that was a gift to plaintiff, but of her contribution through her savings and sole earnings." 12 Ill. 2d 454, 460.

The court then held that the trial court abused its discretion when it required the wife to pay the husband his one-half of the equity in the home without recognizing her contribution to the equity and her right to a settlement in lieu of alimony.

■■ In the case at bar, the monthly award for alimony is contingent upon plaintiff remaining unmarried and upon defendant's continuing ability to pay. If defendant should retire or predecease plaintiff, her alimony income would cease. Although a conveyance of property may be ordered in lieu of alimony (*Cross v. Cross*), the reverse obviously would be to plaintiff's detriment and would deny her the financial security which her station in life should include. We believe that a monthly alimony award in lieu of plaintiff's special equity in property owned by defendant was an improper exercise of the equitable powers of the court.

We hold that plaintiff has clearly and convincingly established her equitable right to an interest in defendant's assets commensurate with her contributions in business services and funds to the property he acquired during the marriage. The evidence in the record indicates that plaintiff made contributions to the common marital funds totaling $110,800, including her savings, gifts, outside earnings, work for the business, her salary as corporate secretary, her one-half rent from the elevator property and her one-half of the proceeds from a 1972 sale of stock. These funds thus increased the money available for business expansion and other investments, and plaintiff is entitled to special equities equal to the amount of her contribution.

■■ Illinois courts have long recognized that, where a husband purchases property with his funds and places title in joint tenancy with his wife, a gift will be presumed. (*Baker v. Baker* (1952), 412 Ill. 511, 107 N.E.2d 711.) Thus, a wife may have special equities in her husband's property in addition to her one-half interest in the jointly owned property. (*Savich v. Savich; Glassman v. Glassman* (1st Dist. 1971), 133 Ill. App. 2d 608, 273 N.E.2d 252 (abstract opinion).) In the case at bar, the joint tenancy property was purchased with common marital funds to which both plaintiff and defendant had contributed. On the basis of this record, we find that the joint tenancy property represents mutual undertakings

whereby funds belonging to both parties were invested jointly by common consent. Therefore, we conclude that plaintiff's one-half share of the joint tenancy property represents a part of her actual contribution to the marital funds, having a value of $54,000. Subtracting the sum of $54,000 from her $110,000 contribution, plaintiff has established special equities of $56,000 in defendant's property. In order to avoid placing an undue burden on defendant's cash position, we believe defendant should be required to pay plaintiff $56,000 in monthly installments payable over a period of 121 months, with interest at the present statutory rate, with plaintiff to have a lien against defendant's property until the full amount is paid.

As to the jointly owned elevator property, plaintiff contends that defendant failed to allege in the pleadings his special equities in the jointly owned building which she was ordered to convey to him upon his payment of $5,000. As a general rule, Illinois courts require that the special circumstances justifying a conveyance of property from one spouse to another must be alleged and proved. *Ylonen v. Ylonen* (1954), 2 Ill. 2d 111, 117 N.E.2d 98.

■■ The record here does not indicate that this issue was raised in the trial court. Moreover, where the parties have placed in issue the question of their respective property rights, and have offered proof, we believe it preferable to allow defendant to remedy any technical defect in the pleadings by an amendment to conform the pleadings to the proof. (*Cf. Gerhardt v. Gerhardt.*) Accordingly, on application of defendant, we have permitted the filing of an answer to the amended complaint, pursuant to our authority under Supreme Court Rule 362 (Ill. Rev. Stat. 1975, ch. 110A, par. 362).

■■ The answer filed alleges defendant's special equities in the disputed property, stating that buildings have been erected on the property by the corporation and that the buildings are an integral part of the grain elevator business. Taking this allegation as proved, defendant has nevertheless failed to establish any special equity in the property which would justify ordering plaintiff to convey her interest to him. The trial court apparently reached the same conclusion when it ordered defendant to pay $5,000 for her interest. Since the elevator corporation pays $7,800 annual rent to defendant, it seems most inequitable to require plaintiff to convey her interest for $5,000. There was no showing that plaintiff's continuing joint ownership of the land would interfere with business operations, and allowing her to retain ownership would entitle her to one-half the rental income. Therefore, we conclude that the order requiring a conveyance should be reversed.

■■ The parties do not dispute the trial court's decision to leave title to the marital home in joint tenancy with plaintiff in possession and, so long

as she remains in possession, she is to pay all expenses, including the mortgage payments, except that defendant must reimburse her one-half the amount each payment reduces the principal of the loan. We note that the trial court mistakenly assumed that it lacked jurisdiction to order any conveyance of joint-tenancy interests between the parties in the absence of a finding of special equities. As we stated above, a conveyance of property may be ordered under section 18 of the Divorce Act (Ill. Rev. Stat. 1975, ch. 40, par. 19), in lieu of alimony, separate and apart from any special equities under section 17 of the Divorce Act (Ill. Rev. Stat. 1975, ch. 40, par. 18). (See 62 Ill. B.J. 242 (1974).) Nevertheless, we find nothing inherently inequitable in the trial court's order awarding to each party a one-half interest in all jointly owned property, other than the elevator property discussed above, and that portion of the decree is affirmed. We also agree that each party is entitled to the property held in his or her own name, except to the extent of plaintiff's special equities in defendant's business holdings.

■■ Defendant also claims that plaintiff is more able to pay her attorney's fees of $4,250 than he is. Since an award for attorney's fees is a matter within the sound discretion of the trial court, and since defendant was the party at fault in the divorce proceeding, we cannot say that the trial court abused its discretion in this case.

Plaintiff also requested either alimony in gross or an increase in her monthly alimony to $2,000 monthly, and defendant cross-appealed, asking for a reduction to $1,000 monthly alimony. Having held that plaintiff is entitled to her special equities in defendant's property, plaintiff's need for support and defendant's ability to pay are both materially affected by the apportionment of property interests. After carefully reviewing the record, we find that monthly alimony payments of $1,000 will be sufficient for plaintiff's needs.

We therefore reverse those parts of the order of the trial court which were improper, as indicated above, and remand for entry of a decree consistent with the views expressed herein.

Affirmed in part; reversed in part; and remanded.

STOUDER, P. J., concurs.

Mr. JUSTICE ALLOY, dissenting:
I do not agree with the conclusions set forth, in part, in the majority opinion. I agree with the conclusions in the majority opinion that the trial court erred in decreeing that the parcel of land adjacent to the grain elevator company, and since purchased by Harvey Leone for expansion purposes, and owned in joint tenancy by Harvey Leone and his wife,

should be required to be conveyed to Harvey Leone upon payment of $5,000 to plaintiff for her interest. I concur in the conclusion that the order requiring a conveyance of this property to Harvey Leone should be reversed. I also agree with the conclusions set forth in the majority opinion requiring payment of attorney's fees by defendant.

My basic area of disagreement involves the question of allowance of substantial sums of money to plaintiff by reason of certain asserted services performed by plaintiff.

It is clear from the record that defendant Harvey Leone has virtually devoted himself exclusively to the business, and worked 10 hours a day, 5 or 6 days a week, during the slow seasons. During the busier seasons in the spring and fall he worked between 15 and 16 hours a day. Much of his work consisted of physical labor.

Plaintiff Evelyn Leone also contributed to the development of the new business and spent an average of about 10 hours per week for a period of 15 years, doing various bookkeeping chores, filling out State report forms, and discussing business decisions with her husband. She also performed her usual duties as a housewife, ran the household and raised the children, and was the overseer of the family finances.

The major concern expressed by plaintiff arises from the trial court's refusal to find any special equities in favor of the plaintiff in property owned by defendant (other than the $7,000 referred to in the majority opinion). The property not in joint tenancy, which comprised about 75% of the total holdings of the parties, was owned, in a major portion thereof, by defendant, including 98% of the stock of Leone Grain Company.

Plaintiff argues that she has an equitable interest in some of defendant's property by reason of her various contributions to the business in helping to make business decisions and doing a certain amount of work without compensation, as well as accepting no rent personally from the parcel of land. She asserts, also, that the parties have always pooled their assets and considered all property to be jointly owned, regardless of who actually held legal title. The trial court, however, found "plaintiff does not have further special equities in the property of defendant by virtue of performing what the court finds to be duties in maintaining the house, raising the children, and clerical work within the husband's business."

In the cause with which we are concerned, the facts presented a somewhat conflicting picture as to the extent of plaintiff's contributions to the family wealth, outside of that which is expected to come from a marital relationship. It does appear that by doing some work for the grain company in helping in the decision-making processes, she made an "extra" contribution to the success of the business. It does not, however, appear that plaintiff's contribution, on the record, was so substantial as to give her a substantial equitable interest in the property owned by her

husband. I do not believe that we can say that the trial court acted contrary to the evidence in its finding on the facts presented.

In the majority opinion, the principal basis for the conclusion that there was a $110,000 contribution by plaintiff, so as to vest her with a $56,000 equity, in addition to the $54,000 value in her joint tenancy interest, arises from a computation which does not appear to be sustained by the record. It appears that it is concluded that she is entitled to be rewarded for clerical work for the business over a 17-year period at $75 per week for a total of $68,000 and with the payment of one-half of the rental of the jointly owned property for 7 years at $3,900, totaling $27,000. The net worth of the Leone Grain Company is only a total of $230,000 according to the record. It is established by the record that defendant clearly put in an excess of 10 times the amount of time devoted to the business by plaintiff. Also, the record indicates that the rental payments went either to the business or the benefit of the family.

The trial court did not find that plaintiff's contribution entitled her to special equities, but the trial court in fact attempted, by the decree, to do substantial justice between the parties by establishing a comparatively high alimony payment of $1,500 per month for a total of $18,000 per year. The total net amount as fixed by the trial court, is substantially the same as the total benefit to defendant suggested in the majority opinion. This indicates that any equitable interest which plaintiff might have in the property owned by defendant, appears to be more than adequately represented by the $18,000 per year which plaintiff would receive in periodic alimony, each year, barring modification. The court also concluded that the money which she would be paid represents a standard of living to which she became accustomed chiefly from efforts of the defendant in building the Leone Grain & Supply Company into the thriving outfit it apparently is today. It also appears that the trial court concluded that the business should not be disturbed by giving plaintiff a percentage ownership in the stock and reducing alimony payments (and also presumably by not requiring defendant to pay a specific sum based on a concept of special equities, as a substitute for some of the alimony payments). The court apparently felt that it would not be in the best interest of either of the parties.

The defendant, in his argument in this court, contended that the award represents 57% of defendant's 1973 net spendable income and even more on a percentage basis of the average net spendable income over the previous five years.

Therefore, I conclude, that, with the exception of the provision of the decree relating to a requirement that the plaintiff convey her interest in the joint ownership of the land upon which the buildings of the grain elevator business have been constructed, the decree of the circuit court

should be affirmed. I agree with the majority opinion that there should be a continuation of the joint ownership of the land upon which the grain elevator business has been constructed, but I believe that the trial court's disposition of the basic issue relating to the question of alimony and special equities represents a proper equitable disposition on the basis of the record and that it does substantial equity to the parties in the case.

With the exception noted, I believe the decree of the trial court should be affirmed.